Larry HOLLINGSWORTH, dba The Kings Palace, and Rusty Hanna, et al., dba The Society of Licensed Masseurs, Plaintiffs and Appellants,

v.

The CITY OF SOUTH SALT LAKE, a Municipal Corporation, Clint Balmforth and The South Salt Lake Police Department, Defendants and Respondents.

No. 16831.

Supreme Court of Utah.

Jan. 19, 1981.

See also 624 P.2d 1138.

W. Andrew McCullough, Orem, for plaintiffs and appellants.

Clinton Balmforth, Salt Lake City, for defendants and respondents.

HALL, Justice:

This case presents substantially the same legal issues as were addressed in *Redwood Gym, et al. v. Salt Lake County Commission.*[1]

Plaintiffs in the instant action operate massage parlors in the area of Salt Lake County recently incorporated into the City of South Salt Lake. At the time of passage of the revised ordinance of Salt Lake County dealing with massage parlors, which forms the subject enactment of the *Redwood Gym* decision, the annexation of the area encompassing plaintiffs' operations was in progress; therefore, plaintiffs did not join in that former suit.

On March 14, 1979, following completion of the annexation process, the South Salt Lake Council (hereafter "Council") enacted a municipal ordinance provision identical, in all material respects, to that challenged in the *Redwood Gym* action. During the autumn of 1979, several arrests were made in the City of South Salt Lake for violations of that portion of the ordinance prohibiting the touching, or offering to touch, the genitalia of massage parlor clients.

This case was filed on December 10, 1979. Plaintiffs also secured a temporary restraining order against enforcement of the provisions of the new ordinance on the same day. A hearing was set to determine if the restraining order should be converted into a preliminary injunction. At the hearing, it was ruled that, the *Redwood Gym* matter having in the interim been decided in favor

---

1. Utah, 624 P.2d 1138 also filed this date).

**1150**

of the County, no injunction would issue, and the restraining order would be allowed to lapse. By stipulation of the parties, the order so entered was treated as a judgment on cross motions for summary judgment, from which plaintiffs take this appeal.

■ Due to the similar factual situations presented by this case and the *Redwood Gym* matter, and to the virtually identical ordinance provisions and enabling legislation involved in both cases, we resolve to consider our decision in the *Redwood Gym* appeal as dispositive of all corresponding issues raised by this appeal. Having there ruled such issues to be without merit, we similarly hold them unmeritorious in the context of this case, for the reasons set forth in the prior opinion.

Plaintiffs to the present action, however, also challenge a separate provision of the subject ordinance which met with no opposition in the *Redwood Gym* case. The provision in question states that:

It shall be unlawful for a masseur to touch or offer to touch or massage the genitalia of customers.[2]

■ Plaintiffs first argue that the ordinance is void as legislating in an area preempted by state statutes. Pointing to Utah's statutory provisions dealing with the matter of prostitution and sex offenses,[3] they assert that the Council may not adopt further provisions in the same area, as such action would create conflict with state law by outlawing that which the state legislature had not forbidden.

The argument is rebuffed by our holding in the case of *Salt Lake City v. Allred.*[4] It was therein made clear that no provision of state law, express or implied, forbad cities or other local units of government, pursuant to delegated legislative power, from dealing with problems created by sex offenders so long as no actual conflict arose between the two provisions. Such a conflict, moreover, would not be found in the simple fact that the city provision sought to

outlaw and penalize actions on which state laws were silent. So long as the provisions were conductive to the same regulatory end, no conflict would be found.

In the instant case, no argument is made that the ordinance provision objected to serves any objective at odds with state legislation on the subject, or that it forbids any act expressly or impliedly legalized by state law. We hence decline to invalidate it on these grounds.

Plaintiffs next suggest that the provision exceeds the powers delegated to local municipalities by state enabling legislation. The legislature has provided that local governmental units,

. . . [M]ay pass all ordinances and rules, and make all regulations not repugnant to law, necessary for carrying into effect or discharging all powers and duties conferred by this chapter, and such as are necessary and proper to provide for the safety and preserve the health, and promote the prosperity, improve the morals, peace and good order, comfort and convenience of the city and the inhabitants thereof, and for the protection of property therein; and may enforce obedience to such ordinances with such fines or penalties as they may deem proper; provided, that the punishment of any offense shall be by fine in any sum less than $300 or by imprisonment not to exceed six months, or by both such fine and imprisonment.[5]

We stated in the decision of *Salt Lake City v. Allred*[6] that the foregoing provision was adequate to empower a municipal government to enact ordinances dealing with sex offenses. We see no reason, nor do plaintiffs point out any, why that decision should not control here.

Plaintiffs also attack the provision here in question on constitutional grounds, claiming that it constituted a denial of equal protection of the law. As this argument fails for reasons identical to those governing the validity of other provisions of

2. Revised Ordinances of the City of South Salt Lake, 38–8–5.

3. U.C.A., 1953, 76–10–1301, et seq.

4. 20 Utah 2d 298, 437 P.2d 434 (1968).

5. U.C.A., 1953, 10–8–84.

6. Footnote 4, supra.

the subject ordinance dealt with by this Court in the *Redwood Gym* decision, we refer to that decision as dispositive of this claim.

Plaintiffs contend, finally, that the provision here under consideration is void due to vagueness, in that it fails, by its terms, to define precisely what is forbidden, and what allowed. We cannot agree that any person of reasonable intelligence would be left in doubt regarding the nature of the act forbidden by the ordinance; the act of touching or massaging the genitals of a massage parlor patron, or of making an offer to do so, is hardly susceptible of more exact definition.

For the foregoing reasons, together with those set forth in our decision in the *Redwood Gym* case, we affirm the judgment of the trial court.

STEWART and CROCKETT,* JJ., and KENNETH RIGTRUP, District Judge, concur.

MAUGHAN, C. J., does not participate herein; RIGTRUP, District Judge, sat.

WILKINS, J., heard the arguments but resigned before the opinion was filed.