**CITY OF SOUTH SALT LAKE, a municipal corporation, Plaintiff and Respondent,**

v.

**Debbie L. HANNA, Defendant and Appellant.**

**No. 17081.**

Supreme Court of Utah.

Sept. 1, 1981.

W. Andrew McCullough, Orem, for defendant and appellant.

Clint Balmforth, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant Debbie L. Hanna appeals from her conviction, after a jury trial, of a violation of § 3B–8–5(3) of the Revised Ordinances of South Salt Lake. That provision states, "[i]t shall be unlawful for a masseur to touch or offer to touch or massage the genitalia of customers."

Defendant attacks her conviction on the grounds that the ordinance is invalid because it (1) exceeds the authority delegated to cities by state statutes; (2) is unconstitutional as violative of Art. I, § 24 of the Utah Constitution; (3) denies equal protection of the law guaranteed by the Fourteenth Amendment of the United States Constitution and Art. I, § 2 of the Utah Constitution; and (4) is unconstitutionally void for vagueness.

Defendant's first argument was rejected as to a similar Salt Lake County ordinance in *Redwood Gym v. Salt Lake County Commission*, Utah, 624 P.2d 1138 (1981), and as to the same ordinance in the companion case of *Hollingsworth v. City of South Salt Lake*, Utah, 624 P.2d 1149 (1981). Those cases are dispositive.

Defendant's contention that the ordinance in question contravenes Art. I, § 24 of the Utah Constitution requiring uniform operation of general laws is also without merit. In *State v. Hutchinson*, Utah, 624 P.2d 1116 at 1127 (1980), the Court held that Art. I, § 24, required uniformity of laws within the jurisdiction in which they operate. The ordinance at issue operates uniformly throughout the jurisdiction of the City of South Salt Lake and therefore does not violate Art. I, § 24.

Defendant's equal protection argument was also fully addressed and rejected in the *Redwood Gym* and *Hollingsworth* cases. Those cases held that the ordinance in question creates no suspect classification, touches no fundamental interest recognized by the State or Federal Constitutions, and has a rational basis in a legitimate legislative objective. Art. I, § 2 of the Utah Constitution adds no merit to defendant's contention.

Finally, defendant maintains that the ordinance is void for vagueness. This argument was considered and rejected in *Hollingsworth v. City of South. Salt Lake, supra.*

Affirmed.

HALL, C. J., and HOWE and OAKS, JJ., concur.

MAUGHAN, J., heard the arguments but died before the opinion was filed.